# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| STATE OF WASHINGTON | ) | No. 71393-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| BREE ANN SMITH BRAZILLE, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 9, 2015 |

TRICKEY, J. — To prevail on a motion to seal a court record, and thereby overcome the constitutional presumption of openness, a defendant has the burden of establishing a "serious and imminent" threat to an important interest. Here, Bree Ann Smith Brazille sought to seal competency evaluations conducted by Western State Hospital. She argues that the records could be used against her in a hypothetical family law proceeding in the future. But she failed to prove that the records posed an imminent threat against her asserted privacy interest. Accordingly, we affirm the trial court's decision to not seal the records.

## FACTS

On April 28, 2013, Brazille was arrested after an officer observed her leaving the driver's seat of a stolen Honda Prelude in a Safeway parking lot. On May 1, 2013, the State charged Brazille with one count of possession of a stolen vehicle.

On August 12, 2013, defense counsel and the State agreed that the trial court should sign an order to evaluate Brazille's competency to stand trial. The trial court signed the order. Western State Hospital (WSH) evaluated Brazille, and determined that she was not competent to stand trial. On September 9, 2013, the

trial court found Brazille incompetent to stand trial and ordered that she be committed to WSH for 45 days to restore competency.

Brazille moved to seal the WSH competency report. The report contains Brazille's description of her personal history, discussions of alcohol use, drug use, and descriptions of symptoms and behavior suggesting mental health issues. At the hearing on the motion, Brazille argued that sealing was necessary because she had a minor child, the father had custody of the child, and Brazille feared that in the event there were a custody issue in the future, the WSH report could be used against her in family law proceedings. Applying the Ishikawa[1] factors, the trial court ruled that, although Brazille's asserted privacy interest could be significant, it was "extremely hypothetical" and, thus, did not present a "serious, imminent threat to the right that Ms. Brazille has in the privacy of this information and/or her parenting rights."[2] The trial court also ruled that the public's right to open access to the courts outweighed "the hypothetical interest/threat to [Brazille's] interest."[3] The trial court denied Brazille's motion.

In a November 6, 2013 report, WSH concluded that Brazille was fully competent. On December 10, 2013, Brazille pleaded guilty to an amended information charging her with a single misdemeanor count of vehicle prowling in the second degree.

On December 11, 2013, Brazille moved to seal the November 6 WSH report, arguing again that the report could be used against her in a custody

---

[1] Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 640 P.2d 716 (1982).
[2] Report of Proceedings (RP) at 20-21.
[3] RP at 21.

proceeding. The State objected to the sealing of the report, contending that Brazille's claimed interest was not sufficiently unique or compelling to warrant a sealing of the record. The trial court continued the matter to allow the presiding judge additional time to read the pleadings and the competency report. The trial court subsequently denied the motion, finding that that Ishikawa factors did not justify sealing or redaction of the competency reports. Brazille was sentenced on December 13, 2013.

Brazille appeals the trial court's denial of her motions to seal the competency reports.

## ANALYSIS

We review a trial court's decision whether to seal a court record for abuse of discretion. Hundtofte v. Encarnación, 181 Wn.2d 1, 6, 330 P.3d 168 (2014).

Article I, section 10 of the Washington Constitution requires that justice be administered openly. WASH. CONST. art. I, § 10. "Any exception to this 'vital constitutional safeguard' is appropriate only in the most unusual of circumstances." Hundtofte, 181 Wn.2d at 7 (quoting In re Det. of D.F.F., 172 Wn.2d 37, 41, 256 P.3d 357 (2011)).

"[C]ompetency evaluations are presumptively open once they become court records." State v. Chen, 178 Wn.2d 350, 357, 309 P.3d 410 (2013). The party moving to seal court records carries the burden of proving the need to do so. Hundtofte, 181 Wn.2d at 7.

GR 15 provides that a trial court may seal court records if it enters written findings that the sealing "is justified by identified compelling privacy or safety

concerns that outweigh the public interest in access to the court record." GR 15(c)(2) (emphasis omitted). Because GR 15 is not by itself sufficient, a court must consider a motion to seal a court record using GR 15 and the five-step framework for evaluating a closure outlined in Seattle Times Co. v. Ishikawa, 97 Wn.2d 30, 37-39, 640 P.2d 716 (1982). Hundtofte, 181 Wn.2d at 7.

Under the first prong of the Ishikawa framework, the defendant must make some showing of the need to seal. Ishikawa, 97 Wn.2d at 37. A defendant who seeks sealing to protect an important interest other than his or her right to a fair trial, he or she must show a "serious and imminent threat to some other important interest." Ishikawa, 97 Wn.2d at 37. Brazille failed to meet this requirement. She provided no proof indicating that there was an actual custody issue at the time of the hearing or in the near future. In a declaration she filed with the trial court dated December 11, 2013, she claimed to "believe that there is an active family law case."[4] She also stated that the final hearing concerning custody of her child occurred in January 2013, and that she wished to "fight custody."[5] But no evidence was furnished to the trial court that affirmatively demonstrated that such a court proceeding was pending, that the family law court had made a final determination on custody, or that Brazille had any basis to challenge the court's determination. Accordingly, Brazille's purported interest was not "serious and imminent." Ishikawa, 97 Wn.2d at 37.

---

[4] Clerk's Papers (CP) at 91.
[5] CP at 91.

Nevertheless, Brazille contends that sealing was proper under RCW 10.77.210. RCW 10.77.210(1) provides, in relevant part:

> [A]ll records and reports made pursuant to this chapter, shall be made available only upon request, to the committed person, to his or her attorney, to his or her personal physician, to the supervising community corrections officer, to the prosecuting attorney, to the court, to the protection and advocacy agency, or other expert or professional persons who, upon proper showing, demonstrates a need for access to such records.

The Supreme Court in Chen held that this provision does not overcome the constitutional presumption of openness, and that closure is only appropriate after balancing the Ishikawa factors. 178 Wn.2d at 355-56. Here, the trial court correctly ruled that the Ishikawa factors did not weigh in favor of sealing. RCW 10.77.210 does not alter this determination.

Affirmed.

Trickey, J.

WE CONCUR:

Spearman, C.J.